UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM LASHAWN COLLIER,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>WARRAN L. MONTGOMERY,<br>Warden,<br><br>　　　　Respondent. | NO. CV 19-8675-DSF (AGR)<br><br><br>ORDER TO SHOW CAUSE |

　　　　On October 3, 2019, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. For the reasons set forth below, it appears the Petition is untimely and contains fully unexhausted grounds for relief. The court orders Petitioner to show cause, on or before **November 25, 2019**, why the court should not recommend dismissal of the Petition with prejudice as barred by the statute of limitations.

# I.

# PROCEDURAL BACKGROUND

Petitioner states that he was convicted of second degree robbery on July 10, 2012 in Case No. NA092184.[1] (Petition at 2, 4.) The online docket for Los Angeles County Superior Court Case No. NA092184 indicates Petitioner pled nolo contendere to violations of Cal. Penal Code § 211 in Counts 1 and 3 on July 10, 2012. (*See* www.lacourt.org/criminalcasessummary for Case No. NA092184.) Petitioner was sentenced to state prison for 10 years on Count 1 and two years on Count 3 on July 10, 2012. Petitioner states that he did not file an appeal. (Petition at 2-3.)

Petitioner states that he filed a state habeas petition that was denied by the Superior Court. (*Id.* at 3-4.) The Superior Court's online docket indicates Petitioner filed the state habeas petition on September 5, 2018 and the court denied it on September 7, 2018. (*See* www.lacourt.org/criminalcasessummary for Case No. NA092184.)

Petitioner states that he filed a state habeas petition that was denied by the California Court of Appeal. Petitioner filed a state habeas petition on October 3, 2018 in Case No. B292991. (Petition at 4.) The California Court of Appeal summarily denied the petition on October 17, 2018. (*See* www.appellatecases.courtinfo.ca.gov/search/case/dockets for Case No. B292991.)

Petitioner states that he filed a state habeas petition that was denied by the California Supreme Court. Petitioner filed the state habeas petition on December 10, 2018 in Case No. S253008. IPetition at 4.) The California Supreme Court summarily denied the petition on May 15, 2019. (*Id.* at 5); *In re Collier*, 2019 Cal.

---

[1] Petitioner identifies the trial case number as S253008. Case number S253008, however, is Petitioner's case number for his state habeas petition in the California Supreme Court.

2

LEXIS 3292 (May 15, 2019).

On October 3, 2019, Petitioner constructively filed the instant Petition with this court. (Dkt. No. 1).

## II.

## **STATUTE OF LIMITATIONS**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") on April 24, 1996. Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a Petition for Writ of Habeas Corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). The court must analyze the statute of limitations on a claim-by-claim basis. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012). The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417-18, 125 S.Ct. 1807, 161 L.Ed. 2d 669 (2005).

### A. The Date on Which Conviction Became Final – § 2244(d)(1)(A)

Petitioner was convicted and sentenced on July 10, 2012. (Petition at 2.) Petitioner did not appeal. (*Id.* at 3-4.) Therefore, his conviction became final 60 days after the judgment, or September 10, 2012.[2] *Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006). Absent tolling, the statute of limitations expired one year later on September 10, 2013. Petitioner constructively filed the Petition on October 3, 2019, over six years after the statute of limitations expired. Absent

---

[2] Because the 60th day fell on Saturday, September 8, the conviction became final on the next Monday, September 10, 2012.

3

tolling, the Petition is untimely.

### 1. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state habeas petition filed after the limitations period expired does not restart the running of the statute of limitations. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Therefore, Petitioner is not entitled to statutory tolling.

### 2. Equitable Tolling

A prisoner who files a federal habeas petition after the expiration of the one-year statute of limitations may be entitled to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649. (citations omitted.). "The diligence required for equitable tolling purposes is 'reasonable  diligence,' not 'maximum feasible diligence.'" *Id.* at 653 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Grant v. Swarthout*, 862 F.3d 914, 918, 926 (9th Cir. 2017). Extraordinary circumstances do not toll a statute of limitations that has already expired. *Rudin v. Myles*, 781 F.3d 1043, 1056 n.16 (9th Cir. 2015).

There is no indication in the record that Petitioner is entitled to equitable tolling.

### B. Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

The statute of limitations may also start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim. 28 U.S.C. § 2244(d)(1)(D). The time starts to run when the petitioner knows or through diligence could discover the factual predicate, not when the petitioner

realizes their legal significance. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

Petitioner raises one ground for relief. Petitioner contends that the court imposed an unauthorized sentence because it used the high term of five years for robbery instead of the mid-term of three years. Petitioner alleges a violation of *Cunningham v. California*, 549 U.S. 270 (2007).

Petitioner knew or through diligence could discover the factual predicate of his ground for relief – his allegedly unauthorized sentence – no later than the date his conviction became final on September 10, 2012. Petitioner does not contend otherwise. The Petition remains untimely.

## III.
## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **November 25, 2019**, Petitioner shall show cause as to why the court should not recommend dismissal of the Petition with prejudice as barred by the statute of limitations.

If Petitioner does not respond to this Order to Show Cause, the Magistrate Judge will recommend that the Court dismiss the Petition with prejudice as barred by the statute of limitations.

DATED: October 24, 2019

ALICIA G. ROSENBERG
United States Magistrate Judge