UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM LASHAWN COLLIER,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>WARRAN L. MONTGOMERY,<br>Warden,<br><br>　　　　Respondent. | NO. CV 19-8675-DSF (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, the other records on file herein, the Report and Recommendation of the United States Magistrate Judge ("Report") and the Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings and recommendation of the magistrate judge.

      The Report recommended that the Court dismiss the Petition as barred by the statute of limitations. (Dkt. No. 6.) In his objections, Petitioner contends for the first time that he is entitled to equitable tolling on account of his mental health issues, limited education, lack of legal knowledge, and prison officials' failure to provide assistance. (Dkt. No. 8 at 1-14.) For the reasons discussed below,

Petitioner failed to show that he is entitled to equitable tolling.

A prisoner who files a federal habeas petition after the expiration of the one-year statute of limitations may be entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010).  To get the benefit of equitable tolling, the prisoner must show that he was diligently pursuing his rights, but some extraordinary circumstance stood in his way and prevented timely filing. *Id.*; *see Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) ("Equitable tolling is available where the prisoner can show extraordinary circumstances were the cause of an untimely filing.")  "A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence."  *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).  "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).

Petitioner's limitations period started running on September 10, 2012 and expired on September 10, 2013.  Petitioner did not constructively file his federal habeas petition until October 3, 2019, more than six years later.  Thus, to warrant equitable tolling, Petitioner must show that extraordinary circumstances prevented him from pursuing federal habeas relief from September 10, 2012 until October 3, 2019.

A.  **Petitioner's Mental Illness**

Petitioner contends that his mental illness prevented him from timely filing his federal habeas petition.  (Dkt. No. 8 at 7, 11.)

Mental incompetency may equitably toll the AEDPA's limitation period because mental incompetency can be an extraordinary circumstance beyond a prisoner's control.  *See Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003); *Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en

banc), *rev'd on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003). However, a showing of mental illness alone will not toll the statute of limitations. *See Laws*, 351 F.3d at 923.  To be eligible for equitable tolling due to mental impairment, Petitioner must meet a two-prong test: (1) the petitioner must show that his mental impairment was an "extraordinary circumstance" beyond his control "by demonstrating the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing;" and (2) the petitioner must show that he diligently pursued his claims "to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." *Bills*, 628 F.3d at 1099-1100.  In other words, to overcome the limitation barrier, Petitioner must show that mental illness rendered him incapable of filing a habeas petition before the limitation period expired.  *See Miller v. Runyon*, 77 F.3d 189, 192 (7th Cir.), *cert. denied*, 519 U.S. 937 (1996) (noting most mental illnesses are treatable, and with proper treatment many, if not most, sufferers are capable of managing own affairs).

    Here, Petitioner does not discuss his mental health condition, its duration, severity, or how it impacted his ability to pursue federal habeas review.  (Dkt. No. 8.)  Instead, he includes in his Petition a boilerplate discussion of how mental illness can constitute grounds for equitable tolling.[1]  (*Id*. at 11.)  The medical records Petitioner submitted are only marginally helpful.  According to the August 20, 2012 assessment, Petitioner was diagnosed with bipolar disorder and

---

[1] Petitioner states that his objections (as well as state and federal habeas petitions) were prepared by a jailhouse lawyer. (Dkt. No. 8 at 23.) With respect to the objections, it appears that the preparation consisted of inserting boilerplate arguments not specific to Petitioner's case. (*See id.* at 3-6 & 10-13.)

3

prescribed Risperdal and Remeron.  He was cleared from MHSDS upon his request in February 2018.  The treatment notes indicate that, in May 2018, Petitioner sought a medical review because "he would like to have a written confirmation from MH staff that he was 'OK'" and that, at the time, he denied having auditory hallucinations for three months.  (*Id.* at 15.)  The record contains several mental health referrals, including one from March 21, 2014 (for depressed mood and passive death wishes), February 12, 2015 (unspecified), and April 6, 2018 ("paranoid of building staff").  (*Id.* at 17-19.)[2]  Notably, the 2015 referral states that Petitioner was not prescribed medication.  (*Id.* at 18.)

    Petitioner presents no information, in the form of medical records or otherwise, about the severity and duration of his mental health condition(s).  He does not allege that his mental illness prevented him from understanding the need to file or the need for assistance, or affected his ability to find or utilize assistance.  Nor does he address how long he was medicated or the effects the medication had on him or his ability to timely pursue federal habeas relief.  Accordingly, Petitioner has not demonstrated that his mental impairment was so severe that he was unable rationally or factually to personally understand the need to timely file, or that his mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.  *See Bills*, 628 F.3d at 1099-1100.

    Per Petitioner's mental health records, he was cleared from MHSDS in February 2018 (*see* Dkt. No. 8 at 15) but did not constructively file his federal habeas petition until October 3, 2019 (*see* Dkt. No. 1), over a year later.  Petitioner has not submitted any evidence that he suffered from mental illness, much less any evidence regarding its effects on his ability to pursue habeas relief

---

[2] Petitioner also submitted a mental health referral from September 21, 2020 that states Petitioner has been stressed and depressed about food safety at the prison after suffering food poisoning.  (Dkt. No. 8 at 24.)

4

during this period. Petitioner submitted his first state court habeas petition on September 5, 2018. He subsequently sought habeas relief in the California Court of Appeal and the California Supreme Court. (Dkt. No. 1 at 4.) These efforts by Petitioner are consistent with the evidence of record showing that, notwithstanding any mental impairment, Petitioner was capable of pursuing habeas relief during that period. *See, e.g.*, *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) (affirming denial of equitable tolling based on mental incompetency when petitioner "managed to file several petitions for post-conviction relief during the time for which" he sought equitable tolling).

Even assuming that Petitioner's mental illness constitutes extraordinary circumstance, his equitable tolling claim fails due to lack of diligence. *See, e.g.*, *Lawrence*, 549 U.S. at 336 (equitable tolling is not available unless the petitioner meets his burden of showing "that he has been pursuing his rights diligently").

Petitioner states he did not discover his claim until September 5, 2018. (Dkt. No. 8 at 23.) Under § 2244(d)(1)(D), the limitations period starts running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The "'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). Accordingly, Petitioner's failure to discover his claim until years after the AEDPA limitations period expired does not help Petitioner overcome untimeliness.

As discussed above, from at least February 2018, Petitioner's mental illness did not impede his pursuit of habeas relief. Accordingly, Petitioner has not demonstrated that his mental illness is a "but for" cause of the Petition's untimeliness. *See Bills*, 628 F.3d at 1100 (under the second *Bills* prong, a

petitioner "always remains accountable for diligence in pursuing his or her rights"); *see also Guillory v. Roe*, 329 F.3d 1015, 1016, 1018 (9th Cir. 2003) (declining to afford equitable tolling despite a circumstance that otherwise would warrant it, when the petitioner failed to act diligently in exhausting his claims).

### B. Petitioner's Educational Level, Lack of Legal Knowledge, State Impediments

Petitioner likewise did not show that he is entitled to equitable tolling on account of his limited education, lack of legal knowledge, and/or prison officials' failure to provide assistance.

It is clear that, as of September 5, 2018, with the filing of his first state habeas petition, Petitioner's educational level was not a circumstance that prevented him from seeking federal habeas relief.  Even if the Court could equitably toll Petitioner's limitations period based on his educational level, it could do so no further than September 5, 2018.  The Petition constructively filed on October 3, 2019 would remain untimely.  As a result, no application of the equitable tolling doctrine based on Petitioner's educational level could render the Petition timely.

Likewise, neither Petitioner's ignorance of the law nor the lack of assistance qualify as extraordinary circumstances warranting equitable tolling. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of AEDPA's limitation period.); *Ekenberg v. Lewis*, No. C 98-1450 FMS (PR), 1999 WL 13720, *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); *see also Hinton v. Pac. Enter.*, 5 F.3d 391,

396-97 (9th Cir. 1993) (mere ignorance of law generally is insufficient to equitably toll running of applicable statute of limitations).

To the extent Petitioner contends that a state-created impediment prevented him from timely filing his federal habeas petition, he has failed to provide any evidence to support this contention.  Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation.  See Lott v. Mueller, 304 F.3d 918, 925 (9th Cir. 2002).  Petitioner has not alleged or established one.  Neither the Petition nor Petitioner's other filings in this case set forth any facts that show relief is warranted under this provision.

Next, Petitioner contends that the prison officials failed to provide him with assistance in filing his federal habeas petition beyond providing him with access to the law library. (Dkt. No. 8 at 4, 12-13.)  However, Petitioner does not state what other assistance he requested or provide any authority that supports the conclusion that the deprivation of said assistance would violate his due process rights.  To the extent Petitioner contends that prison officials were required to provide him with legal counsel to assist him with preparing his federal habeas petition, he is mistaken.  As the courts have repeatedly held, there is no constitutional right to counsel in a federal habeas proceeding.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Miranda v. Castro, 292 F.3d 1063, 1067 (9th Cir. 2002).

Lastly, Petitioner contends that he is "entitled to equitable tolling where prison officials denied him beneficial access to the law library as a mentally ill inmate." (See Dkt. No. 8 at 10.)  Once again, however, he does not state when, if

ever, he was denied access to the prison law library or for how long.[3] In sum, Petitioner has failed to show that extraordinary circumstances prevented him from timely filing his federal habeas petition or that, despite any extraordinary circumstances, he exercised reasonable diligence in asserting his claims.

IT THEREFORE IS ORDERED that judgment be entered denying the Petition for Writ of Habeas Corpus and dismissing this action with prejudice as barred by the statute of limitations.

DATED: October 26, 2020

_____
DALE S. FISCHER
United States District Judge

---

[3] To the extent Petitioner seeks equitable tolling on account of prison officials violating the Americans with Disabilities Act ("ADA"), see Dkt. No. 8 at 10-11, he has failed to provide any evidence that the prison officials violated the ADA, let alone that such a violation constitutes extraordinary circumstances meriting equitable tolling.